**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON ALLEN MAUL,<br><br>Defendant. | No. CR08-4072-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On August 26, 2008, an indictment was returned against defendant Brandon Allen Maul, charging defendant Maul with conspiring to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and possessing with intent to distribute, and aiding and abetting the possession with intent to distribute, 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. On October 20, 2008, defendant Maul filed a Motion to Suppress. Defendant Maul contends that the court should suppress all the evidence that resulted from a traffic stop of the vehicle he was driving, arguing that law enforcement officers lacked probable cause to stop his vehicle. Alternatively, defendant Maul contends that even if the police had probable cause to stop his vehicle, the police violated his Fourth Amendment rights by continuing to detain him after the police had concluded their investigation for the observed traffic violation. The prosecution filed a timely resistance to defendant Maul's motion.

Defendant Maul's Motion to Suppress was referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). After conducting an evidentiary hearing, on October 30, 2008, Judge Zoss filed a Report and Recommendation in which he recommends that defendant Maul's Motion to Suppress be denied. Judge Zoss concluded that the police had probable cause to conduct a traffic stop of defendant Maul's vehicle. Judge Zoss further found that the police officers' continued detention of defendant Maul past the conclusion of the traffic stop investigation was supported by a reasonable, articulable suspicion that criminal activity was afoot. Accordingly, Judge Zoss concluded that the further detention after the traffic stop, and asking defendant Maul to exit the vehicle, was lawful. Neither the government nor defendant Maul have filed objections to Judge Zoss's Report and Recommendation.

## II. LEGAL ANALYSIS

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

2

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court has reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, the

3

court **accepts** Judge Zoss's Report and Recommendation of October 30, 2008, and orders that defendant Maul's Motion to Suppress is **denied**.

    **IT IS SO ORDERED.**

    **DATED** this 20th day of November, 2008.

                                             MARK W. BENNETT
                                             U. S. DISTRICT COURT JUDGE
                                             NORTHERN DISTRICT OF IOWA